United States District Court
Southern District of Texas
**ENTERED**
July 08, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE EDWARD CHOICE, (TDCJ-CID #1776962) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-20-1797 |
| JOHN C. OSBORNE, *et al.,* Defendants. | § § § § | |

## MEMORANDUM ON DISMISSAL

### I.   Background

Willie Edward Choice, a Texas Department of Criminal Justice inmate, sued in May 2020, alleging civil rights violations resulting from a denial of due process. Choice, proceeding pro se and in forma pauperis, sues John C. Osborne, defense attorney; and Celeste Byrom and Sadiyah Evangelista, Assistant District Attorneys for Harris County.

Choice asserts that on August 30, 2011, a jury of the 176th Judicial District Court of Harris County, Texas acquitted him of aggravated sexual assault of a child in Cause Number 128427601010. Choice states that the jury granted him an expunction hearing, but his attorney, Osborne, did not attend. Choice complains that Byrum and Evangelista coached witnesses. He further complains that Byrum improperly used offense report 10005703 to supplement other criminal cases. Choice seeks unspecified punitive damages. Online records reveal that Choice was found guilty on March 23, 2012 of aggravated sexual assault of a child in Cause Number 128427701010 and sentenced to a prison term of twenty-one years.

O:\RAO\VDG\2020\20-1797.a01.wpd

The threshold issue is whether Choice's complaint is barred by the statute of limitations. Alternatively, the Court considers whether his claims are meritorious.

**II.     Discussion**

**A.     The Issue of Limitations**

Federal courts may dismiss a claim filed in forma pauperis (IFP) "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)(quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The statute mandates dismissal of a prisoner's IFP case if the complaint is found to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Dismissal of an action is appropriate when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell*, 981 F.2d at 256. In section 1983 cases, the federal courts apply the forum state's general personal injury statute of limitations. *Burge v. Parish of St. Tammany,* 996 F.2d 786, 788 (5th Cir. 1993)(citing *Hardin v. Straub,* 490 U.S. 536, 538-39 (1989)). Although the governing period of limitations is determined by reference to state law, the accrual of a cause of action under section 1983 is determined by reference to federal law. *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992). Under the federal standard, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Harris v. Hegmann,* 198 F.3d 153, 156-57 (5th Cir. 1999)(quoting *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989)). The plaintiff must be in possession of "critical facts" which indicate that he has been hurt and that the defendants were

responsible for the injury. *Stewart v. Parish of Jefferson,* 951 F.2d 681, 684 (5th Cir.), *cert. denied,* 506 U.S. 820 (1992). A plaintiff need not realize that a legal cause of action exists, but must know the facts that would support a claim. *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995).

The Texas period of limitations for personal injury actions is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2018). Choice's claim clearly arose from the events in 2011, when he was acquitted in Cause Number 128427601010. Choice did not file this suit until May 2020, almost seven years after limitations had run.

The statute of limitations bars Choice from asserting his civil rights claims against the named defendants. Choice's claims are dismissed under 28 U.S.C. § 1915(e). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). Though this Court finds Choice's claims to be barred by the statute of limitations, the Court, in the alternative, considers the merits of his claims.

**B.    The Claim Based on Prosecutorial Misconduct**

Choice seeks damages against two Harris County Assistant District Attorneys for conduct in the prosecution of the criminal case. Absolute immunity precludes his claim. Prosecutors have absolute immunity from such damages claims. *Beck v. Tex. State Bd. of Dental Examiners,* 204 F.3d 629, 637 (5th Cir. 2000)(citing *Burns v. Reed,* 500 U.S. 478, 491 (1991)). Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial process. *Id*. Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The actions Choice complains of are related to the judicial process and were undertaken in furtherance of the attorneys' advocacy function in their

representation of the government. Defendants Byrum and Evangelista are entitled to absolute immunity from Choice's suit, and the damages claims against them are dismissed.

### C. The Claim Based on Ineffective Assistance of Counsel

A cause of action under 42 U.S.C. § 1983 requires a showing that Choice has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). The Due Process Clause is not generally held to require the State to protect the life, liberty, and property of its citizens against invasion by private actors. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995)(citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)).

The conduct of private actors, such as John C. Osborne, defense attorney, does not constitute state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Choice's claims against John C. Osborne for ineffective assistance are not cognizable in a section 1983 action because his attorneys are not state actors. *Brooks v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996)(citing *Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981)); *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995)(holding that actions of counsel substitute in prison disciplinary hearing, like actions of public defender and private attorney, are not actions under color of state law for purposes of Section 1983); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988)("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

Choice has failed to plead facts showing that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. Choice's civil rights claims against John C. Osborne are DISMISSED as

frivolous.

## III.   Conclusion

Choice's Motion to Proceed In Forma Pauperis, (Docket Entry No. 5), is GRANTED. The action filed by Willie Edward Choice (TDCJ-CID Inmate #1776962) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2). Choice's Motion for the Appointment of Counsel, (Docket Entry No. 3), and Motion to File Amended complaint, (Docket Entry No. 4), are DENIED as moot.

The TDCJ-CID shall deduct twenty percent of each deposit made to plaintiff's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)   the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2)   the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on _____July 7_____, 2020.

_____
**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**